**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Panorama Produce Sales, Inc.<br>New York, NY** | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | **NO.** |
| **Mediterranean Shipping Company S.A. Geneva<br>a/k/a Mediterranean Shipping Company (USA) Inc.<br>420 Fifth Avenue<br>New York, NY 10018-2702** | : | |
| **and** | : | |
| **Blue Anchor America Line<br>10 Exchange Place<br>Jersey City, NJ 07302** | : | |

**<u>COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*</u>**

**<u>Parties</u>**

1. Panorama Produce Sales, Inc. is a corporation with an office and place of business located in New York.

2. Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its product on board ocean vessels arriving in the ports of Philadelphia.

3. Defendant, Mediterranean Shipping Company S.A. Geneva a/k/a Mediterranean Shipping Company (USA) Inc. (hereinafter "Mediterranean") is, on information and belief, a foreign corporation with an office and place of business located New York. At all times material hereto, Mediterranean was the owner, charterer and/or operator of the vessel involved in this shipment.

4. Defendant, Blue Anchor America Line (hereinafter "Blue Anchor"), is, on

information and belief a foreign corporation with an office and place of business located at 10 Exchange Place, Jersey City, NJ 07302. At all times material hereto, Blue Anchor was the owner, charterer and/or operator of the vessel involved in this shipment.

5. Kuehne & Nagel, Inc. functioned as the delivery agent for the plaintiff for the shipment of the cargo which is the subject matter of this Complaint.

6. The vessels owned and/or operated by the above defendants have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

7. Plaintiff was the shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

**Jurisdiction and Venue**

8. Plaintiff by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendant under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harter Act of 1893, 46 U.S.C. §§190-196.

9. Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

**COUNT I**

10. In or about December of 2013, in Paita, Peru, a shipment of fruit consigned to plaintiff was delivered in good order and condition aboard the M/V SUSANNE SCHULTE for transportation to the United States and delivered to the vessel in Peru in like good order and condition.

11. In or about December of 2013, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered MSCUL3225327 for container numbered CXRU1399647 was issued by Meditteranean to Kuehne & Nagel, Inc. which was the shipping agent for the plaintiff, acknowledging receipt on the vessel of the said shipment in good order and condition.

12. In our about December of 2013, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered BANQLIM0215228 for the same container listed above was issued by Blue Anchor to the plaintiff acknowledging receipt on the vessel of said shipment in good order and condition.

13. Thereafter, various goods were delivered by the above named defendants to plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V SUSANNE SCHULTE, but were instead damaged, deteriorated in value and unfit for sale or use.

14. The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendants of their obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

15. By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, plaintiff has sustained damage and loss in an amount in excess of Thirty-Four Thousand Dollars ($34,000.00).

16. The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the above named vessel and the negligence of the above-named defendants, their agents, servants and employees in:

    a. failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b. failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c. failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d. failing to use proper care under the circumstances;

    e. failing to provide the proper and requested temperature to the cargo;

    f. by delivering the cargo with the vents in the container closed; and

    g. other and further particulars which will be shown at the time of trial.

17. By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessels has suffered damages and loss in excess of Thirty-Four Thousand Dollars ($34,000.00).

18. Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

19. All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1. Process in the due form of law, according to the practice of this Court issue against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2. If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessels owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Thirty-Four Thousand Dollars ($34,000.00).

3. Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above named vessels, their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4. Judgment be entered on behalf of plaintiff and against the defendants plus interest and costs of this action.

5. Plaintiff has such other and further relief in the premises and in law and justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY: EM871

Eugene J. Maginnis, Jr., Esquire
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
(215) 563-3500
ATTORNEY FOR PLAINTIFF

Dated: December 23, 2014